IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY, § § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 4:24-cv-00466-O | |
| § | | |
| DELORES LINTON, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Motion for Default Judgment filed by Reliance Standard Life Insurance Company ("Reliance") on November 4, 2024. ECF No. 16. This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) on November 20, 2024. ECF No. 18. Having considered the Motion and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 16) and **ENTER DEFAULT JUDGMENT** against Defendant Aaron Cole ("Cole") as explained below.

**I.    BACKGROUND**

On May 22, 2024, Reliance filed a Complaint in interpleader, alleging that it issued a life insurance policy ("the Policy") to Nichelle Cole ("Cole") who died on September 19, 2023. ECF No. 1 at 2. The Policy had a $168,000.00 death benefit. Cole designated her son, Aaron Cole ("Aaron"), as her sole primary beneficiary and Delores Linton ("Linton") as her contingent beneficiary. *Id*. Reliance further alleges that Aaron was arrested and charged with Cole's murder and that Linton submitted a claim for the death benefit under the Policy, claiming that the Illinois Slayer Statute prohibits Reliance from paying the death benefit to Aaron. *Id* at 3. Reliance states

that it cannot honor Linton's claim without assuming the risk of multiple liability to Aaron, and that it cannot pay Aaron pursuant to the beneficiary designation without assuming the risk of a violating the Slayer Statute or incurring multiple liability to Linton. *Id.* at 4.

On May 31, 2024, Reliance properly effected service on Aaron by personal service through private process server Steven Treni. ECF No. 7 at 2. Aaron failed to answer or otherwise respond to the Complaint. On September 11, 2024, Reliance requested that the clerk enter default, and the clerk did so. *See* ECF Nos. 10, 11. On November 4, 2024, Reliance filed the pending Motion for Default Judgment. ECF No. 16.

## II.   LEGAL STANDARD

### A.   Default Judgment.

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default, the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(2). The Court may not enter default judgment against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 3931.

"[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey v. Prive Corp.*, 161

F.3d 886, 893 (5th Cir. 1998). The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," although this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers* v. *Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). Default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala* v. *Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); see also *U.S. for Use of M-Co Constr., Inc.* v. *Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987 (calling default judgments "draconian").

Courts use a three-pronged analysis to determine if default judgment is appropriate. *J & J Sports Prods., Inc. v. Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, courts ask if default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. The *Lindsey* factors inform this inquiry. Under *Lindsey*, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the court would be obliged to set aside the default upon motion from the defendant. *Id.*

Second, if default is procedurally warranted under *Lindsey*, courts analyze the substantive merits of the plaintiff's claims and ask if the pleadings establish a sufficient basis for default judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The pleadings are sufficient if they satisfy Federal Rule of Civil Procedure 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). "The

defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. But the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Morelia*, 126 F. Supp. 3d at 813. In making this determination, the Complaint's "well-pleaded factual allegations are taken as true, except regarding damages." *Shipco, 814 F.2d at 1014*; *see generally Jackson v. FIE Corp.*, 302 F.3d 515, 525 & n.29 (5th Cir. 2002) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE & PROCEDURE § 2688 at 58-59 & n.5 (3d ed. 1998)). At this juncture, courts often find it helpful to conduct a Rule 55(b)(2) hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see* Fed. R. Civ. P. 55(b)(2) (noting courts may conduct a hearing on motions for default judgment if needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

**B.  Interpleader.**

Federal Rule of Civil Procedure 22 states that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). Interpleader exists for "the purpose of enabling 'a neutral stakeholder, usually an insurance company or a bank, to shield itself from liability for paying over the stake to the wrong party. This is done by forcing all the claimants to litigate their claims in a single action brought by the stakeholder.'" *Lutheran Brotherhood v. Comyne*, 216 F. Supp. 2d 859, 862 (E.D.

Wis. 2002) (quoting *Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir. 1984)); *see also John v. Sotheby's, Inc.*, 141 F.R.D. 29, 33 (S.D.N.Y. 1992) ("The Rule is designed to insulate a stakeholder from contradictory judgments and multiple liability and to relieve a stakeholder from having to determine which claim among several is meritorious.").

An interpleader action typically involves two stages. *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). First, the court decides whether the plaintiff has satisfied the requirements for an interpleader action by determining (1) if there is a single identifiable fund at issue, and (2) if there are adverse claimants to that fund. *Id*; *see also Wausau Ins. Cos. v. Gifford*, 954 F.2d 1098, 1100 (5th Cir. 1992) ("The courts and authorities have uniformly held that a single, identifiable fund is a prerequisite to an interpleader action."). Claims are adverse if multiple claimants could assert sole rights to the fund, and the claims expose the plaintiff to double payment on a single liability. *Matter of Bohart*, 743 F.2d 313, 324-25 (5th Cir. 1984).

Once a court determines that interpleader is the appropriate procedural course, it adjudicates the claims to the stake and distributes the proceeds. *Rhoades*, 196 F.3d at 600. However, before proceeding with the second stage, in a "true" or "strict" interpleader case where the stakeholder claims no interest in the stake, the stakeholder should be dismissed from the case. *See Allstate Assignment Co. v. Cervera*, No. 2:13-cv-096-AM-CW, 2014 WL 12496902, *2 (W.D. Tex. Dec. 8, 2014) (citing 4 James Wm. Moore *et al.*, *Moore's Federal Practice* § 22.03[2][a] (3d ed. 1997)). "The court should readily grant discharge of the stakeholder, unless it finds that the stakeholder may be independently liable to a claimant or has failed to satisfy the various requirements of interpleader, including, when required, deposit of the stake." *Id*.

In a Rule 22 interpleader proceeding, where the plaintiff in interpleader is a disinterested stakeholder that has deposited with the court all funds at issue, and makes no claim to them, the

court may discharge the plaintiff from liability in connection with the funds deposited and dismiss it from the case as to claims for the funds. *See Kinsey v. Am. Underwriters Life Ins. Co.*, C.A. No. 03-0627, 2008 WL 2812966, *3-*4 (W.D. La. June 24, 2008). Additionally, a plaintiff in interpleader may be entitled to an injunction to restrain the parties from pursuing the issues in another federal court. *New York Life Ins., Co., v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998).

### III. ANALYSIS

The Clerk entered Aaron's default, ECF No. 11, meaning the Court must now ask if default judgment is appropriate. *Lewis*, 236 F.3d at 767. Having applied the three-pronged inquiry here, *see Morelia*, 126 F. Supp. 3d at 813, the undersigned concludes that default judgment is proper on Reliance's claim.

#### A. Default judgment is procedurally appropriate under *Lindsey*.

Reliance's claim survives the first of the three-pronged inquiry. Under *Lindsey*, default judgment may be procedurally warranted based on six considerations. *See Lindsey*, 161 F.3d at 893. All six support default judgment here. Given Aaron's failure to answer the allegations, no material issues of fact exist. *See* ECF No. 1; *see also* 161 F.3d at 893. Thus, the Court may take as true Reliance's pleadings demonstrating all material facts underlying the claim. *See* ECF No. 22. *Lindsey*'s first prong thus favors default judgment.

Similarly, nothing here shows the second factor's "substantial prejudice" requirement undermines Reliance's entitlement to default judgment. *See Lindsey*, 161 F.3d at 893. Aaron was properly served with the Complaint and has had ample opportunity to respond in this matter. *See, e.g.*, ECF No. 7 (showing perfected service as of May 31, 2024 by Steven Treni). Moreover, his failure to answer the Complaint or otherwise appear threatens to bring this case to a halt, which would substantially prejudice Reliance's interests. *Gandy v. Lynx Credit*, No. 3:14-cv-0369-B,

2014 WL 6805501, at *2 (N.D. Tex. Dec. 3, 2014) (citing *Lindsey*, 161 F.3d at 893). *Lindsey*'s second prong thus favors default judgment.

The third and fourth elements also support default judgment because the grounds of Aaron's default are clearly established, *see* ECF No. 18, and nothing indicates this default is due to "a good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. Despite being afforded multiple opportunities to do so, Aaron failed to respond to Reliance's Complaint or file any other pleadings explaining this unresponsiveness. Accordingly, *Lindsey*'s fifth factor also supports default judgment. *See Lindsey* 161 F.3d at 893; *see also Joe Hand Promotions, Inc. v. Tacos Bar & Grill, LLC*, No. 3:16-cv-01889-M, 2017 WL 373478, at *2 (N.D. Tex. Jan. 26, 2017) ("Entering default judgment against [Defendant], who has taken no action to respond to this action, is not 'harsh.'") (quoting *Lindsey*, 161 F.3d at 893); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) ("[Defendant] has had over five months to answer or otherwise respond to Plaintiff's Complaint, mitigating the harshness of a default judgment.").

Finally, given the clear satisfaction of the above elements, nothing indicates that the Court would "be obliged to set aside the default upon motion from the defendant." *See id.*; *see also Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default upon defendant's motion where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense"). Accordingly, the *Lindsey* analysis reflects that default judgment is proper here.

**B.  The pleadings establish a sufficient basis for default judgment.**

Having found default judgment appropriate under *Lindsey*, the undersigned looks next to the substantive merits of Reliance's claim, asking whether the pleadings establish a sufficient basis

7

for default judgement. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. To do so, they need only satisfy Rule 8. *Wooten*, 788 F.3d at 498; *see* Fed. R. Civ. P. 8(a) (requiring a "short and plain statement" of the claim). Given such a straightforward rubric, Reliance's Complaint and Motion clearly suffice because Reliance alleges liability to Aaron or Linton under the terms of the Policy. *See generally* ECF Nos. 1, 16.

In the Complaint, Reliance admits that it is liable to pay the death benefit on the Policy but states that it "cannot honor Linton's claim without assuming the risk of multiple liabilities to [Aaron]." ECF No. 1 at 4. Further, "Reliance []cannot pay [Aaron] pursuant to the beneficiary designation without assuming the risk of a violation of the Slayer Statute and/or the risk of multiple liabilities to Linton." *Id*. Interpleader is appropriate when persons have claims that may expose a plaintiff to double or multiple liabilities. Fed. R. Civ. P. 22(a)(1). Here, multiple competing claims expose Reliance to multiple liabilities. Thus, the Court finds the Complaint sufficient. See ECF No. 1.

Accordingly, Reliance's claim is substantively meritorious. While default judgments are "a drastic remedy, not favored by the Federal Rules," *see Sun Bank of Ocala*, 874 F.2d at 276, Reliance's entitlement here is beyond dispute. Thus, the Court must next "determine what form of relief, if any, the plaintiff should receive." *Morelia*, 126 F. Supp. 3d at 813.

    **C.**    **Reliance is entitled to interpleader relief and to its costs.**

The Complaint requests declaratory relief from the Court that: 1) directs Reliance to deposit the insurance proceeds into the registry of the Court, 2) discharges Reliance from liability related to the life insurance proceeds, 3) enjoins any parties from initiating any action against Reliance regarding the life insurance proceeds in this case, and 4) awards Reliance its reasonable fees and costs. *See* ECF No. 1 at 5. The Motion, however, does not seek to recover attorney's fees. ECF

No. 16 at 7 (seeking only "immediate entry of default judgment against Cole."). Because Reliance has not re-asserted its request for attorney's fees and expenses, they have abandoned their request. *See Versatile Processing Group, Inc. v. Amino Transp., Inc.*, 6:14-CV-832, 2015 WL 1737769, at *2-3 (E.D. Tex. Apr. 6, 2015) (refusing to grant an award of attorneys' fees where "[t]he proposed Default Judgment submitted by Plaintiffs does not include an award of attorney[s'] fees.") Accordingly, the Court limits its analysis to Reliance's request for interpleader relief and court costs.

### 1.     Reliance is entitled to interpleader relief.

The Court's inquiry does not end after asking whether the pleadings establish a sufficient basis for default judgement. It must now "determine what form of relief, if any, the plaintiff should receive." *Morelia*, 126 F. Supp. 3d at 814. This is the only step in the inquiry where the Court does not assume the truth of the pleadings. *See Shipco*, 814 F.2d at 1014 ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). Generally, a plaintiff cannot summarily provide the Court with figures for damages without explanation. Rather, it must "establish[] the necessary facts," either through detailed affidavits or an evidentiary hearing, to make the amount "capable of mathematical calculation." *United Artists*, 605 F.2d at 857.

Here, Reliance does not seek monetary damages but only declaratory relief. ECF Nos. 1 at 5; 16 at 6. Because it seeks no monetary damages, there is no need for a hearing. *See United Artists*, 605 F.2d at 857. "If the court finds that the interpleader action has been properly brought, and the interpleader plaintiff is disinterested, the court may issue an order discharging the interpleader plaintiff and proceed to the second stage to decide the respective rights of the claimants." *New*

*York Life Ins. & Annuity Corp. v. Barbara Brown Fam. Tr. DTD 3/12/2010*, No. 4:21-cv-00490-O, 2021 WL 4956248, *2 (N.D. Tex. Aug. 2, 2021) (citing *Rhoades*, 196 F.3d at 600.).

Here, the interpleader action is proper because Reliance has identified a single fund at issue, and there are multiple potential beneficiaries to the fund. Because there is a dispute whether Reliance should pay the death benefit to Aaron or Linton under the Illinois Slayer Statute, there is a possibility for conflicting claims. Reliance properly brought this action to resolve the dispute between adverse claimants. *See Id at *2*. Granting declaratory relief is within the Court's "broad discretion." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 294 (5th Cir. 2019). Accordingly, Judge O'Connor should grant Reliance interpleader relief, and enter default judgment against Aaron.

### 2. Reliance is entitled to recover its costs.

Reliance is entitled to recover court costs in this action. Fed. R. Civ. P. 54; s*ee Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999) (stating "[t]he award of attorney's fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants."); *see also Jackson Nat'l Life Ins. Co. v. Dobbins*, No. 3:16-cv-0854-D, 2016 WL 4268770, *3 (N.D. Tex. Aug. 15, 2016) (stating "[i]t is well settled that the court has discretion to award costs, including reasonable attorney's fees, to a disinterested stakeholder in an interpleader action whenever it is fair and equitable to do so.). Accordingly, the Court should award Reliance costs of court as taxed by the clerk of court.

## IV.   CONCLUSION

Plaintiff Reliance is entitled to interpleader relief, and default judgment against Defendant Aaron Cole is appropriate. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Reliance's Motion for Default Judgment (ECF No. 16) and **ENTER DEFAULT**

**JUDGMENT** in favor of Reliance against Aaron Cole. The undersigned **RECOMMENDS** that Judge O'Connor enter judgment as to Aaron Cole that: 1) Reliance is directed to deposit the proceeds due under the Policy in the amount of One Hundred and Sixty-Eight Thousand and 00/100 ($168,000.00) Dollars into the registry of this Court, until the issue of entitlement to the life insurance proceeds is adjudicated; 2) Reliance is discharged from liability related to the life insurance proceeds due under the Policy, except to those persons to whom this Court shall adjudge entitled to the benefit; 3) the defendants are enjoined from initiating any action against Reliance regarding the life insurance policies due under the Policy before the Court; 4) Reliance is dismissed from the above-captioned case with prejudice; and 5) Reliance is awarded its taxable court costs.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on January 7, 2025.

                                                                  Hal R. Ray, Jr.
                                                                  UNITED STATES MAGISTRATE JUDGE